UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO J. CHAGOLLA,<br>　　　　Plaintiff,<br>　　v.<br>J. SCHRAG, et al.,<br>　　　　Defendants. | Case No. 23-cv-00812-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at California State Prison - Solano, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against prison officials at San Quentin State Prison ("SQSP"), where he was previously housed. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Dismissal with Leave to Amend

The complaint names as defendants the following SQSP prison officials: correctional lieutenant Schrag, classification committee chairperson Campbell, correctional counselor II Young, correctional counselor II Young, correctional captain Berg, and warden Robertson. The complaint makes the following allegations. Defendants Schrag, Berg, Campbell, and Young negligently placed Plaintiff's well-being, safety and life in jeopardy, caused damage to Plaintiff's marriage, and potentially jeopardized Plaintiff's parole eligibility when defendant Schrag placed Plaintiff in administrative segregation pending an investigation into Plaintiff's involvement with prison gang Nuestra Familia's violence on PBSP Facility D, defendant Berg authorized the lock-up, defendant Campbell negligently retained Plaintiff in administrative segregation, and defendant Young authorized the extension of Plaintiff's stay in administrative segregation. Defendant Buckhorn both negligently and maliciously placed Plaintiff's well-being, safety and life in jeopardy, caused damage to Plaintiff's marriage, and potentially jeopardized Plaintiff's parole eligibility by authoring a memorandum that concluded that Plaintiff had demonstrated loyalty to Nuestra Familia and would continue to perpetrate violence. Conditions in administrative segregation were harsher than normal prison life. Defendant Robertson had access to information that could have prevented defendants Schrag, Berg, Campbell, Young and Buckhorn's life-threatening actions and the irreversible damage caused by these actions, but negligently failed to take action. *See generally* Dkt. No. 1.

1   The complaint is DISMISSED with leave to amend because Plaintiff has not alleged any violation of, or referenced, federal law or the federal Constitution. The Court will not attempt to determine causes of actions from a list of factual allegations. In filing an amended complaint, Plaintiff should identify the federal law or federal constitutional provision that he believes has been violated by each defendant's actions. In addition, as stated above, a pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice to state a cognizable claim for relief. *Ashcroft*, 556 U.S. at 677–78. Plaintiff must provide more than a conclusory statement that his constitutional rights were violated by prison officials and must do more than proffer a legal term, such as "negligence" or "due process" or "malice."

In preparing an amended complaint, the Court reviews the following legal principles that may be relevant to Plaintiff's claims. Negligence generally fails to state a federal constitutional violation. *See, e.g., Estate of Ford v. Ramirez–Palmer*, 301 F.3d 1043, 1052 (2002) ("negligence, or failure to avoid a significant risk that should be perceived but wasn't, 'cannot be condemned as the infliction of punishment'" within meaning of Eighth Amendment) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). An allegation that an innate was placed or retained in more restrictive housing generally does not implicate the Due Process Clause. *See Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007) (classification for California Level IV prison rather than Level III prison not shown to be atypical and significant hardship that implicates Due Process Clause). There is no respondent superior liability, or supervisory liability, under Section 1983, i.e. no liability under the theory that one is liable simply because he supervises a person who has violated a plaintiff's rights. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). To state a claim for relief under Section 1983 against a supervisor defendant, a plaintiff must allege some facts that would support a claim that (1) the supervisor defendant proximately caused the deprivation of rights of which plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); (2) the supervisor defendant failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from custom or policy for which the

supervisor defendant was responsible, *see id.*; or (4) the supervisor defendant knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045. When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are insufficient to state a claim. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Fed. R. Civ. P. 8 requires more than naked assertions devoid of further factual enhancement.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 23-00812 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference.

Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 5/2/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge