1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6

7     RAYMUNDO J. CHAGOLLA,                    Case No. 23-cv-00812-HSG

8                          Plaintiff,          **ORDER DISMISSING AMENDED**
                                               **COMPLAINT WITH LEAVE TO**
9                 v.                            **AMEND**

10    J. SCHRAG, et al.,                       Re: Dkt. No. 8

11                         Defendants.

12

13          Plaintiff, an inmate at California State Prison - Solano, has filed a *pro se* action pursuant to

14   42 U.S.C. § 1983 against prison officials at San Quentin State Prison ("SQSP"), where he was

15   previously housed.  The Court dismissed the initial complaint because it did not allege violations

16   of federal law or the federal Constitution.  Dkt. No. 7.  The amended complaint (Dkt. No. 8) is

17   now before the Court for review under 28 U.S.C. § 1915A.

18                                   **DISCUSSION**

19   **A.      Standard of Review**

20          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

21   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.

22   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

23   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

24   monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),

25   (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d

26   989, 993 (9th Cir. 2020).

27          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

28   claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

United States District Court
Northern District of California

1   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

2   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

3   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

4   the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

5   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

6   cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

7   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:   (1) that a

8   right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

9   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487

10   U.S. 42, 48 (1988).

11   **B.      Amended Complaint**

12          The amended complaint names in the caption the following defendants, all of whom are

13   alleged to work at Pelican Bay State Prison:  John Doe, correctional lieutenant J. Schrag,

14   correctional counselor II J. Young, correctional counselor II B. Buckhorn; correctional captain K.

15   Berg, and institutional warden J. Robertson.  The amended complaint makes the following

16   allegations.  On August 3, 2021, based on confidential information gathered by John Doe,

17   defendant Schrag placed Plaintiff in administrative segregation, despite knowing that Plaintiff was

18   not part of Nuestra Familia.  All defendants knew that Plaintiff was not part of Nuestra Familia,

19   yet they made decisions prolonging Plaintiff's placement in administrative segregation.  All

20   defendants failed to check Plaintiff's C-File; acted recklessly, carelessly, and negligently; acted

21   with deliberate indifference; failed to ensure that Plaintiff would not be subject to unnecessary

22   atypical hardship; failed to use due care; failed to take action to avoid harm to Plaintiff; placed

23   untrue/falsified documentation in Plaintiff's C-file, "creating a disaster for Plaintiff in his

24   upcoming board appearance;" and intentionally violated Plaintiff's rights under the Eighth and

25   Fourteenth Amendments.  Plaintiff seeks monetary damages in the amount of $1,000 per

26   defendant, plus interest and costs.  *See generally* Dkt. No. 8.

27   **C.      Dismissal with Leave to Amend**

28          The amended complaint is dismissed with leave to amend because it is unclear what

United States District Court
Northern District of California

allegedly happened and how it violated the Eighth or Fourteenth Amendment.  It is unclear why Plaintiff was placed in administrative segregation – was the placement due to an allegation that Plaintiff is a part of Nuestra Familia, or an allegation that Plaintiff took actions related to his alleged membership in Nuestra Familia?  Was there a disciplinary finding or classification decision that Plaintiff is alleging was based on a false allegation, i.e., an allegation that he is part of Nuestra Familia?  It is also unclear how the placement in administrative segregation will affect Plaintiff's upcoming parole hearing.  It is unclear what confidential information was provided by John Doe and how Defendants would know that John Doe's confidential information was inaccurate.  It is also unclear what actions were taken by Defendants that prolonged his stay in administrative segregation – was it because of Defendants' involvement in an RVR process, in a housing placement decision, in a classification decision, or in deciding a grievance related to this placement in administrative segregation?  It is unclear what falsified information was placed in Plaintiff's C-file.  In preparing an amended complaint, Plaintiff should provide further details so that the Court and defendants can understand the nature of his allegations.  Plaintiff should also identify what defendants J. Young, B. Buckhorn; K. Berg, and J. Robertson each did (or did not do) that violated the Eighth Amendment and the Fourteenth Amendment.  The amended complaint references a specific action taken by defendant Schrag but is vague as to the actions or failures to act of the remaining defendants.  In preparing a second amended complaint, Plaintiff should not refer to the defendants as a group, i.e. "Defendants."  Instead, he should specify what each individual defendant did or did not do.

To assist Plaintiff in preparing a second amended complaint, the Court reminds Plaintiff of the following legal principles.

An allegation that an innate was placed or retained in more restrictive housing generally does not implicate the Due Process Clause.  *See Hewitt v. Helms*, 459 U.S. 460, 468 (1983) ("the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Myron v. Terhune*, 476 F.3d 716, 718-19 (9th Cir. 2007) (classification for California Level IV prison rather than Level III prison not shown to be atypical and significant hardship that implicates Due Process

3

Clause); *Anderson v. Cnty. of Kern*, 45 F.3d 1310, 1315 (9th Cir.), *opinion amended on denial of reh'g*, 75 F.3d 448 (9th Cir. 1995) ("hardship associated with administrative segregation, such as loss of recreational and rehabilitative programs or confinement to one's cell for a lengthy period of time, does not violate the due process clause because there is no liberty interest in remaining in the general population").  Placement in administrative segregation, by itself, also does not constitute cruel and unusual punishment in violation of the Eighth Amendment.  *Toussaint v. Yockey*, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984) (more than usual hardships associated with administrative segregation required to state Eighth Amendment claim); *Hoptowit v. Ray*, 682 F.2d 1237, 1258 (9th Cir. 1982) ("The Eighth Amendment standards for conditions in isolation, segregation, and protective custody cells are no different from standards applying to the general population."), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995) (holding that conditions of confinement in disciplinary confinement, even where harsher than administrative segregation, do not implicate liberty interests protected by federal due process unless they impose atypical and significant hardships on inmate in relation to ordinary incidents of prison life).  To state a cognizable due process or Eighth Amendment claim arising out of his placement in administrative segregation, Plaintiff must allege more than conclusory statements that he was subjected to cruel and unusual punishment or that his liberty interest was violated.  As stated above, a pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice to state a cognizable claim for relief.  *Ashcroft*, 556 U.S. at 677–78.  Plaintiff must provide more than a conclusory statement that his constitutional rights were violated by prison officials and must do more than proffer legal terms, such as "negligently," "recklessly," "due care," "deliberate indifference," "cruel and unusual punishment," or "liberty."

To the extent that Plaintiff seeks to challenge a disciplinary conviction that resulted in placement in administrative segregation, Plaintiff is informed that a prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest.  *See Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989); *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986).  Within the

context of prison disciplinary proceedings, due process requires five procedural requirements. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." *Id.* Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." *Id.* (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," which includes the ability to obtain that documentary evidence in the first place. *Id.* at 566. "Similarly, if a prisoner is to be able to respond to evidence presented against him, as a general proposition he should be allowed to know what it is and to examine it, unless there is reason to the contrary." *Melnik v. Dzurenda*, 14 F.4th 981, 986. 990 (9th Cir. 2021) (finding prisoner had constitutional right to see envelopes, or copies of them, which were evidence used against him in his prison disciplinary hearing on charge of unauthorized or inappropriate use of prison mail system). Fifth, "[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff." *Wolff*, 418 U.S. at 570. In addition, there must be "some evidence" to support the disciplinary finding, *see Superintendent v. Hill*, 472 U.S. 445, 454 (1985), and there must be some indicia of reliability of the information that forms the basis for prison disciplinary actions, *see Cato v. Rushen*, 824 F.2d 703, 704-05 (9th Cir. 1987) (only evidence implicating defendant placed in disciplinary segregation was uncorroborated hearsay statement of confidential informant who had no firsthand knowledge of any relevant statements or actions of defendant and polygraph statement of inmate who made statement was inconclusive).

Finally, the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit,

1    *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively

2    impossible for the United States Marshal to serve an anonymous defendant.  The Court's general

3    practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the

4    unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name

5    the intended defendant.  *See Gillespie*, 629 F.2d at 642.

6                                          **CONCLUSION**

7           For the reasons set forth above, the Court DISMISSES the amended complaint with leave

8    to amend.  Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second

9    amended complaint that addresses the identified deficiencies.  The second amended complaint

10   must include the caption and civil case number used in this order, Case No. C 23-00812 HSG (PR)

11   and the words "SECOND AMENDED COMPLAINT" on the first page.  If using the court form

12   complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

13   An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa*

14   *Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his second

15   amended complaint all the claims he wishes to present and all of the defendants he wishes to sue,

16   and may not incorporate material from the prior complaints by reference.

17          Failure to file a second amended complaint in accordance with this order in the time

18   provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall

19   include two copies of the court's complaint form with a copy of this order to Plaintiff.

20          **IT IS SO ORDERED.**

21   Dated:   7/7/2023

22

23   HAYWOOD S. GILLIAM, JR.
     United States District Judge

24

25

26

27

28

6

United States District Court
Northern District of California