UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMUNDO J. CHAGOLLA,<br><br>   Plaintiff,<br><br>   v.<br><br>J. SCHRAG, et al.,<br><br>   Defendants. | Case No. 23-cv-00812-HSG<br><br>**ORDER SCREENING SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 10 |

Plaintiff, an inmate at California State Prison - Solano, has filed a *pro se* action pursuant to 42 U.S.C. § 1983 against prison officials at Pelican Bay State Prison ("PBSP"), where he was previously housed. Plaintiff's second amended complaint (Dkt. No. 10) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Second Amended Complaint**

The second amended complaint names as defendants the following Pelican Bay State Prison ("PBSP") correctional officials: correctional lieutenant J. Schrag, correctional counselor II J. Young, correctional counselor II B. Buckhorn; correctional captain K. Berg; and warden J. Robertson.

The second amended complaint makes the following factual allegations. In 2021, Plaintiff was placed in administrative segregation by defendant Schrag, and retained in administrative segregation by defendants Young, Robertson, Buckhorn, and Berg based on confidential information that stated that Plaintiff was an associate of the Northern Structured (NS) / Nuestra Familia (NF) prison gang, which had been carrying out violence against other inmates. Plaintiff informed defendant Robertson that he was not a Northerner inmate and told defendant Robertson to check Plaintiff's c-file to verify this statement. The California Department of Corrections and Rehabilitation (CDCR)'s Strategic Offender Management System ("SOMS") states that Plaintiff is not an NS/NF associate and that Plaintiff is from Riverside, California, thereby disproving the confidential information. None of the defendants checked the SOMS, despite having access to the SOMS. Defendant Buckhorn allowed the false confidential information to be placed in Plaintiff's c-file. Defendants' failure to check the SOMS when relying on the confidential information was reckless, negligent, malicious, and callous; constituted deliberate indifference; and resulted in Plaintiff suffering cruel and unusual punishment. The placement of the false confidential

2

information in Plaintiff's c-file provides the false impression that Plaintiff is an associate of NS/NF and perpetrating violence within the prison, and will therefore cause him to be denied parole. The false confidential information was not disclosed to Plaintiff prior to, during, or after his placement in administrative segregation or the classification hearing authorizing his retention in administrative segregation. Plaintiff did not receive a rules violation report ("RVR") related to this administrative segregation placement, i.e., for allegedly perpetrating violence on Facility D.

Plaintiff alleges that Defendants violated the Eighth Amendment and Fourteenth Amendment when they failed to check the SOMS prior to relying on the false confidential information and when they placed the false confidential information in his central file because their actions and inactions subjected him to cruel and unusual punishment in violation of the Eighth Amendment and denied him his due process rights under the Fourteenth Amendment because the placement in administrative segregation was not based on "some evidence."

Plaintiff seeks monetary damages in the amount of $2,000 per defendant, nominal damages of $1, costs, and the removal of "all documentation pertaining to this issue" from his C-file. *See generally* Dkt. No. 10.

The Eighth Amendment claim is DISMISSED with prejudice. Plaintiff's placement in administrative segregation does not state an Eighth Amendment claim. *See Anderson v. County of Kern*, 45 F.3d 1310, 1315-16 (9th Cir. 1995 (indeterminate sentence in administrative segregation, without more, does not constitute cruel and unusual punishment in violation of Eighth Amendment); *Toussaint v. Yockey*, 722 F.2d 1490, 1494 n.6 (9th Cir. 1984) (more than usual hardships associated with administrative segregation required to state Eighth Amendment claim).

Liberally construed, the allegation that the evidence relied upon to place Plaintiff in administrative segregation was unreliable states a cognizable due process claim. *See Madrid v. Gomez*, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995) ("the evidence relied upon to confine an inmate to the SHU for gang affiliation must have 'some indicia of reliability' to satisfy due process requirements"); *Jones v. Gomez*, No. C 91-3875 MHP, 1993 WL 341282, *3-4 (N.D. Cal. Aug. 23, 1993) (order denying summary judgment) (due process requires indicia of reliability due to high risk of false information by informants, inherent prisoner conflicts and necessity for

3

independent factfinding by prison officials).

## CONCLUSION

For the reasons set forth above, the Court orders as follows.

1. The following defendant(s) shall be served: Pelican Bay State Prison officers correctional lieutenant J. Schrag, correctional counselor II J. Young, correctional counselor II B. Buckhorn; correctional captain K. Berg; and warden J. Robertson.

2. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 10), this order of service, a CDCR Report of E-Service Waiver form and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

3. As detailed above, the second amended complaint states a cognizable due process claim against defendants Schrag, Young, Buckhorn, Berg, and Robertson.

4. The Court DISMISSES the Eighth Amendment claim with prejudice.

4

5. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than 91 days from the date this order is filed, Defendant(s) must file and serve a motion for summary judgment or other dispositive motion. If Defendant(s) is(are) of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the Court prior to the date the motion is due. A motion for summary judgment also must be accompanied by a *Rand* notice so that Plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment).[1]

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant(s) no later than 28 days from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment. Defendant(s) shall file a reply brief no later than 14 days after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

6. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out

---

[1] If Defendant(s) assert(s) that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendant(s) must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

5

specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A). (The *Rand* notice above does not excuse Defendants' obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

7. All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to Defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until Defendants' counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendants but once Defendants are represented by counsel, all documents must be mailed to counsel rather than directly to Defendants.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

9. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

//
//
//
//
//
//

10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: 11/14/2023

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge